UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

WALLACE DAVIS,

    Plaintiff

-vs-                                            Case No.
                                                  Hon.

US INVESTIGATION SERVICES, LLC ,

    Defendants

## COMPLAINT & JURY DEMAND

*Wallace Davis states the following claims for relief:*

### Jurisdiction

1. This lawsuit, being brought pursuant to 15 U.S.C. § 1681 *et seq*, presents a federal question and as such, jurisdiction arises under 28 U.S.C. §1331 and 15 U.S.C. §1681 *et seq.* This court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to any federal law claims under 28 U.S.C. § 1367.

2. All allegations and claims in this complaint stem from false and inaccurate credit reporting relating to Mr. Davis.

### Parties

3. Wallace Davis, resides in Warren, MI.

4. Wallace Davis is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at §1681a(c).

5. The Defendants to this action is US Investigation Services, LLC ( "**USIS**") is a consumer

reporting agency as contemplated by the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.*

**General Factual Allegations**

6. Mr. Davis is a licensed truck driver by trade.

7. He has never been convicted of any alcohol-related driving offense.

8. Until recently, throughout his adult life, Mr. Davis has been a responsible consumer who pays his bills timely, and had never had any difficultly obtaining employment or credit based upon his credit or driving history.

9. Consequently, Mr. Davis enjoyed the fruits of regular gainful employment and good credit with a credit score above 700.

10. These benefits include a home, personal transportation, food, shelter, and regular entertainment.

11. Some time in calendar year 2005 Mr. Davis began to experience employment denials.

12. He was not told the specifics of the reasons for refusal, but was generally told that he could not be employed as a trucker with his driving record.

13. Mr. Davis unaware with any difficulties with his diving record.

14. None of the potential employers ever showed Mr. Davis a copy of any documents upon which they refused to provide him employment, or notified him of his rights to see such documentation.

15. Mr. Davis was then denied employment as a trucker, this time by Covenant Transport who provided Mr. Davis with a copy of a USIS consumer report which suggested by its content and format that Mr. Davis had been convicted for a series of alcohol related offenses in the Carolinas, none of which were properly attributable to Mr. Davis.

16.  The USIS report was inaccurate.

17.  USIS failed to use reasonable procedures to assure the maximum possible accuracy of its reports regarding Mr. Davis.

18.  Mr. Davis disputed the information on the USIS report to USIS.

19.  USIS failed to conduct a reasonable investigation into the information that it published concerning Mr. Davis follow Mr. Davis's dispute(s).

20.  USIS refused to remove the information from Mr. Davis's consumer credit file.

21.  USIS continued to publish this information, notwithstanding attempts by Mr. Davis to secure the removal of the inaccurate information regarding the alcohol related offenses in the Carolinas.

22.  Upon information and belief, potential employers have accessed and used a consumer report from USIS containing the inaccurate information.

23.  Mr. Davis is no longer able to obtain employment in his chosen field, notwithstanding what has been characterized as a "booming demand" for long-haul truckers such as Mr. Davis.

24.  Consequently, Mr. Davis no longer enjoys the fruits of regular gainful employment and good credit with a credit score above 700.

25.  Mr. Davis no longer owns his own home.

26.  Mr. Davis no longer has reliable convenient, functioning personal transportation.

27.  Mr. Davis can no longer obtain food with regularity or enjoy regular entertainment.

28.  Mr. Davis has lost most of the accumulated personal possessions which he had acquired throughout his life due to the inability to maintain those articles in a home.

29.  Mr. Davis has suffered damages.

### Count I – FCRA, 15 U.S.C. § 1681 *et seq*. (USIS)

30. Mr. Davis incorporates the preceding allegations by reference.

31. The appearance of the inaccurate information was the direct and proximate result of USIS's failure to maintain reasonable procedures to assure the maximum possible accuracy of Mr. Davis's consumer report in violation of the FCRA, 15 U.S.C. § 1681e(b).

32. USIS negligently violated of 15 U.S.C. §§ 1681e(b) and 1681o; alternatively USIS willfully violated of 15 U.S.C. §§ 1681e(b) and 1681n.

33. USIS has negligently violated the FCRA, 15 U.S.C. §§ 1681i and 1681o; alternatively USIS has wilfully violated the FCRA, 15 U.S.C. §§ 1681i and 1681n.

34. Mr. Davis has suffered damages as a result of this violation of the FCRA

### Jury Demand

35. Mr. Davis demands trial by jury.

**Request For Relief**

36. ACCORDINGLY Mr. Davis requests that the Court Grant any or all of the following relief:

    a. *Actual damages for items including emotional distress, mental aguish, frustration, humiliation, and embarrassment.*

    b. *Statutory damages in an amount to be determined at trial.*

    c. *Punitive damages in an amount to be determined at trial.*

    d. *Costs and attorney fees provided by statute.*

    e. *Any other relief the Court deems just.*

Respectfully Submitted,

LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC

By:    S/ Ian B. Lyngklip
Ian B. Lyngklip P47173
Attorney For Wallace Davis
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
IanLyngklip@Att.Net

Dated: February 4, 20009