UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALLACE DAVIS,

                Plaintiff(s),

                                            Case No.  09-10436

v.

                                            Honorable Julian Abele Cook, Jr.

HIRERIGHT SOLUTIONS, INCORPORATED,

                Defendant(s),
_____/

## SCHEDULING ORDER

The following dates and times coupled with the Discovery Plan submitted by counsel and the attached Sections I-IX on pages 2-11 constitute an Order of this Court.

1. Deadline for the identification of all witnesses   **JANUARY 23, 2010**

2. Closing date for discovery   **FEBRUARY 5, 2010**

3. Deadline for filing dispositive motions   **MARCH 5, 2010**

4. Deadline for filing motions in limine   **JUNE 21, 2010**

5. Case referred to mediation   **Parties to advise at close of discovery**

6. Settlement Conference date   **Referral to Magistrate Judge if requested by counsel**

7. Deadline for submitting Joint Proposed Pretrial Order   **JUNE 21, 2010**

8. Final Pretrial Conference   **JUNE 28, 2010 AT 1:30 P.M.**

9. Jury Trial set   **JULY 6, 2010 AT 8:30 A.M.**

## I.  PRETRIAL CONFERENCE

**A.**   **Pretrial Conference Policy**

Pursuant to Fed.R.Civ.P.16, a pretrial conference will be scheduled for the purpose of discussing and evaluating such matters as jurisdiction, venue, pleadings, prospective and/or pending motions, discovery issues, the disclosure or discovery of electronically stored information (including the form or forms in which it should be produced), and the possibility of settlement.  See Fed.R.Civ.P. 26(f), as amended.  Furthermore, and "[with] the exception of the United States Government or agencies thereof, or a state government or agencies or political subdivisions thereof, all corporate parties to a civil case and all corporate defendants in a criminal case **must** file a Statement of Disclosure of Corporate Affiliations and Financial Interest.  A negative report is also required."   See E.D. Mich. LR 83.4(a).

**B.**   **Settlement Policy**

The Court will schedule a settlement conference prior to the date of trial.  All parties (attorneys, clients and/or persons with settlement authority) will be required to attend.

## II.  PRETRIAL DISCOVERY

**A.**   **Deadline for Conducting Discovery**

Discovery will not be authorized subsequent to the expiration of the designated deadline without the written approval of this Court.

**B.**   **Witnesses**

These rules are applicable to the following categories of witnesses:

1.   <u>Expert Witnesses</u>  The parties must identify each expert witness (including address, telephone number, qualifications and a synopsis of his/her projected testimony) in the Final Pretrial Order. In addition, the party, who proffers a witness as an expert, must provide the opponent and the Court with a written report and all other pertinent forms of disclosures (e.g., compensation and testimony in other cases) that are required under Fed. R. Civ. P. 26(a)(2) not later than ninety (90) days prior to the date of trial.

2.   <u>Non-Expert Witnesses</u>  Every person who will or may be called as

        a non-expert witness during the trial must be listed in the Final Pretrial Order.

    3.    <u>Rebuttal Witnesses</u>  The parties are not required to identify rebuttal witnesses.

**C.**    **Interrogatories**

Not more than twenty-five (25) interrogatories in the aggregate shall be served upon any party without the written authority of the Court. The subparagraphs of any interrogatory shall relate directly to the subject matter of the interrogatory.  Any party, who desires to serve additional interrogatories upon an opponent, must (1) file a written motion, a brief, as well as a copy of the proposed questions with the Clerk of the Court, and  (2) obtain a written order of authorization from the Court.

### III. PRETRIAL MOTION PRACTICE

**A.**    **Procedure for the Filing of Motions**

The movant shall file two copies of the motion, brief, and supporting documents with the Clerk of the Court , and one copy upon every adverse party.

**B.**    **Time Limitations for Answer and Reply**

An answer to a motion, including a brief and all available supporting documents, must be filed with the Clerk of the Court pursuant to  E.D. Mich. LR 7.1 (b)-(d).

**C.**    **Contested Discovery Issues**

Discovery motions may be referred to a magistrate judge for a hearing. Upon the receipt of a pleading which expresses a party's opposition to a pending discovery motion, the Court or the magistrate judge, to whom the case is assigned, may require the parties to meet in an effort to resolve the dispute without the necessity of a hearing.

If the parties are unable to resolve their discovery differences prior to the date of hearing, the moving party shall prepare and file a written stipulation with the Clerk of the Court which shall include the following provisions within one document: (1) the identification of each and every issue that remains in dispute; (2) a synopsis of the respective positions of each party; and (3) the citations of authority that support the parties' respective positions.  In the event that all of the disputed discovery issues are resolved prior to the hearing date, the moving party shall immediately notify the Court or the assigned magistrate judge of the settlement and file a proposed order with the Clerk of the Court

    within five (5) days thereafter.

  **D.**    **Deadline for Filing Dispositive Motions**

    Every dispositive motion must be filed with the Clerk of the Court prior to the deadline date that has been established by the Court.  Any motion that has not been filed in compliance with the Local Rules will not be considered and/or evaluated by the Court.

  **E.**    **Oral Argument**

    It is the general policy of the Court to hear oral arguments relating to all dispositive motions.  The decision to hear oral arguments or to conduct a hearing on all other motions will be determined, in part, by the Court on the basis of the complexity and/or the exigency of the issues in controversy.

    Each party shall have a maximum period of fifteen (15) minutes in which to present an oral argument to the Court.  The proponent of the motion may reserve time for rebuttal.  However, the Court may (1)   increase or decrease the allotted time for oral argument or (2) resolve the issue(s) in controversy without the necessity of an oral hearing on the basis of the briefs that have been filed. <u>See generally</u> E.D. Mich. LR 7.1.

## IV.  FINAL PRETRIAL ORDER

  **A.**    **Local Rules**

    The policies and practices of all counsel with regard to the preparation and filing of the Final Pretrial Order are governed by E.D. Mich. LR16.2.

  **B.**    **Final Pretrial Order**

    **1.**    **Basic Requirements**

        The attorney for the plaintiff shall be responsible for formulating and submitting the Final Pretrial Order to the Court for approval and adoption.  The Final Pretrial Order must contain the signatures of all the parties, and provide for the signature of the Court on the last page. Two copies of the parties' proposed Final Pretrial Order shall be submitted to the Court on or before the date of the Final Pretrial Conference.  However, it shall not be filed in the Clerk's Office without the signature of the Court.  E.D. Mich. LR 16.2(a).  The Final Pretrial Order shall not be utilized by any party as a method for modifying or amending existing claims or defenses, inserting new issues or adding new witnesses.

2. **Content of Final Pretrial Order**

The Final Pretrial Order shall contain the following captioned headings:

    a. **Jurisdiction**

        This section shall include the basis for federal jurisdiction by the Court over the parties and the issues in controversy.

    b. **Claims of the Plaintiff**

        This section shall include a synopsis of the claim (or claims) of each Plaintiff, including every legal theory.

    c. **Defenses of the Defendant**

        This statement shall include a statement of the defense (or defenses) of each Defendant, including all legal theories.

    d. **Claims and Defenses of the Third Party**

        This section shall include a statement of the claim(s) and defense(s) of every third party, including all legal theories.

    e. **Stipulation of Facts**

        The parties shall state all uncontested facts in separately numbered paragraphs.

    f. **Contested issues of fact**

        This section shall incorporate all contested issues of fact in separately numbered paragraphs.

    g. **Contested issues of law**

> The parties shall set forth all contested issues of law in separately numbered paragraphs.

    h.    **Contested evidentiary issues**

> This section shall include a listing of every reasonably anticipated contested evidentiary issue.

    i.    **Witnesses.**

> This section shall include the name of each witness who will or may be called by every party during the trial. This list shall indicate if the witness is an expert and whether the testimony of any witness will be offered in person or by deposition. Except for rebuttal witnesses, only those persons who have been listed in the Final Pretrial Order will be permitted to testify at trial.

    j.    **Depositions**

> The parties shall list the name of every witness whose deposition testimony may be offered as evidence.  An objection to the admissibility of any portion of a deposition and the legal basis for the opposition shall be set forth with reasonable specificity in writing and filed with the Court not later than five days prior to the scheduled date of trial.  The party who seeks to offer the testimony of a witness by a deposition shall (l) designate the deposition testimony by reference to specific pages and lines or some other appropriate method, and (2) identify the deposition exhibits, if any,  to be used.

    k.    **Exhibits**

> The parties shall list every proposed exhibit with a short identifying description.  With the exception of rebuttal documents and in the absence of mitigating circumstances, only those exhibits that have been listed in the Final Pretrial Order will be considered for admission at trial.

       **l.**    **Damages**

           The Plaintiff shall (l) itemize all claimed damages; (2) specify those damages which can be reasonably calculated from objective data; and (3) identify those damages that are not in dispute.

       **m.**    **Trial**

           **i.**    **Jury or Non-Jury**

               The parties shall designate if the controversy is to be resolved by jury or by the Court in a non-jury trial.

           **ii.**    **Estimated Length of Trial**

               The parties shall project a realistic estimate of the length of trial.

**3.**    **Failure of Counsel to Cooperate**

The failure of counsel to fully cooperate or strictly comply with with the preparation of the Final Pretrial Order may result in the imposition of sanctions in the absence of a reasonable explanation to the Court.

.

**C.**    **Final Pretrial Conference**

**1.**    **Final Pretrial Conference Date**

A Final Pretrial Conference will be conducted on the date and time that has been established by the Court.

**2.**    **Agenda**

The parties should be prepared to discuss (a) the length of trial, (b) the number of expert witnesses and the scope of their testimony, (c) the probability of settlement; and (d) such other matters that may aid in the trial or a resolution of the issues in controversy.

## V. TRIAL

A. **Trial Policy**

All trials are generally conducted on Monday through Friday between 8:30 a.m. and 1:00 p.m..  However, this schedule may be modified as circumstances may require.

B. **Trial Date**

In the absence of unforseen circumstances, the trial in this matter will commence on the date that has been set by the Court.  However, it is recommended that the parties contact the Clerk of this Court to verify the commencement date and time of the trial.

C. **Documents Required for Trial**

Each party must file the following documents with the Court (with copies to all opposing parties) prior to the date of trial:

1. **Proposed Jury Instructions** [Not applicable in non-jury cases]

    All parties are required to jointly submit one set of instructions that fully comply with the Local Rules of the Court.  To this end, they should serve their proposed instructions upon each other, not later than two weeks prior to the scheduled date of trial. Thereafter, the parties must  meet, confer and, thereafter, file a complete set of proposed jury instructions, to which there is no disagreement, as well as any disputed instructions, to the Court in duplicate, not later than seven (7) days prior to the scheduled date of trial.  Every proposed instruction must be filed by the parties on a disc that  is compatible with Word Perfect 8.0.

    With the exception of those citations that can be found within the (1) Federal Reporter system, (2) Federal  Rules of Procedure,  (3) Federal Rules of Evidence, and (4) Federal statutes, copies of all other cited authorities should be attached to the submitted pleadings.

2. **Proposed Verdict Form**

3. **Trial Brief**

    **4.**    **Proposed Voir Dire**  [Not applicable in non-jury cases.]

    **5.**    **Witness List**

    **6.**    **Exhibit List**

    **7.**    **Exhibit Book**

    On or prior to the commencement of the trial, each party shall deliver two copies of a three ring notebook that will contain an exhibit list, together with tabbed and numbered copies of all proposed exhibits, to the Court.

**D.**    **Motion(s) in Limine**

Every motion in limine must (1) be filed in writing with the Court at least five days prior to the scheduled date of the trial, (2) contain supporting documentation and legal authority and (3) be served upon every opposing party.

**E.**    **Proposed Findings of Fact and Conclusions of Law in Non-Jury Trials**

Each party must file two sets of Proposed Findings of Facts and Conclusions of Law with the Court in a non-jury case on or before the date that is designed by the Court.

**F.**    **Trial Before a Magistrate Judge**

Pursuant to Administrative Order 96-AO-092, parties may consent to a civil trial before a magistrate judge.  However, prior to the commencement of the trial all of the parties must file a written consent to the exercise of jurisdiction over every issue in controversy by a magistrate judge.

## VI.  MISCELLANEOUS POLICIES

**A.**    **Appearance of Counsel**

The signature of an attorney on a pleading and/or the appearance of a counsel in any court-related hearing shall constitute the appearance of every other member of his/her law firm.  Such an appearance shall obligate the attorney who files the pleading or a

member of his/her firm to attend every scheduled trial, hearing, motion, and/or conference.

B.   **Adjournments**

It is the general policy of this Court to reject any application for the adjournment of a trial, hearing, motion, or conference in the absence of exigent circumstances. A party, who seeks to obtain an adjournment, must submit a motion in writing, along with a proposed order, to the Court not later than three (3) business days prior to the date of the scheduled event (e.g., trial, hearing, motion, or conference).

Every contested or uncontested request for an adjournment must contain (1) an identification of the moving party, (2) a listing of the number of prior requests for an adjournment that have been filed, (3) the reason(s) for filing the motion, and (4) the length of the requested adjournment.  The Court will not automatically grant stipulated adjournments from proceedings. Thus, the parties who submit stipulated applications for adjournments are not exempt from satisfying the requirements of this subsection. No adjournment of a trial, hearing, motion or conference will be granted in the absence of an Order from this Court.

No adjournments will be granted because of the failure or the inability of the attorney whose name appears on the pleading to attend the trial, hearing, motion, and/or conference.

C.   **Cellular Telephones and Equivalent Communication Devices**

Every counsel will be held accountable for reading and giving full compliance to the policies and practices of the Court relating to the use and misuse of cellular telephones and equivalent communication devices within this District. See E.D. Mich. LR 83.31(f).

## VII.  SANCTIONS

A.   **Failure to File Timely Pleadings**

In the event that a pleading and/or brief is not filed within the designated time period, and in the absence of (l) an order which authorizes late filing, or (2) the submission of extenuating circumstances, the Court (a) will neither consider any tardy pleading when evaluating a pending motion nor permit an oral argument by the party who has not complied with the Local Court Rules and the provisions of this Order, or (b) may resolve the motion without oral argument.

**B.**     **Failure to Appear**

The failure of any party to appear at any scheduled trial, hearing, conference, and/or trial of the Court or comply with the provisions of this Scheduling Order may result in the imposition of appropriate sanctions.

**C.**     **Failure to Comply**

The failure, refusal, and/or neglect of any party or counsel to fully comply with the terms of this Order shall result in the imposition of such sanctions that this Court may determine to be appropriate.

### VIII.  GUIDELINES OF COURTROOM DECORUM

**A.**     The Court has issued an Order which governs the conduct and decorum of the parties and counsel in the courtroom. It will be incumbent upon every party to obtain a copy of this Order of Decorum from the Clerk of the Court.

**B.**     In the event of a conflict between the terms of this Order and the Local Rules, the former shall govern.

> s/ Julian Abele Cook, Jr.
> JULIAN ABELE COOK, JR.
> United States District Court Judge

Dated:     November 6, 2009
             Detroit, Michigan

revised 2/06/07

Certificate of Service

I hereby certify that on November 6, 2009, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

> s/ Kay Doaks
> Courtroom Deputy Clerk