UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALLACE DAVIS,

        Plaintiff(s).

v.                                                                        Case Number: 09-10436

HIRERIGHT SOLUTIONS, INCORPORATED,        Hon. Julian Abele Cook, Jr.

        Defendant(s).
_____/

ORDER

    The purpose of this Order is to state certain basic principles pertaining to the courtroom behavior and decorum of those persons who appear in this Court. These requirements are minimal and are not intended to be inclusive. Moreover, this Order is intended to emphasize and supplement - not supplant or limit - the ethical obligations of counsel under the Code of Professional Responsibility.

    When appearing in the Court, the following directive shall be given strict compliance by Judge Julian Abele Cook, Jr.:

(1)    All counsel (including all other persons at the counsel table shall)

    (a)    be prompt for all court sessions;

    (b)    present all motion from the lectern;

    (c)    Address all recorded remarks to Judge Cook, but not to opposing counsel;

    (d)    avoid all disparaging personal remarks and/or acrimony toward opposing counsel;

    (e)    remain wholly detached from any ill feeling which may exist between the litigants and/or the witnesses; and

    (f)    refer to all persons, including witnesses, other counsel and the parties by their surnames and not by their first or given names.

(2) Only one attorney for each party will be permitted to examine, or cross-examine, a witness. The attorney who offers an objection, if any, during the direct examination of a witness by opposing counsel, shall be the only person who will be permitted by Judge Cook to conduct the cross-examination.

(3) Counsel must request permission from Judge Cook before approaching the bench.

(4) Any document, which counsel wishes to have examined by Judge Cook, should be handed directly to the clerk.

(5) Any paper or exhibit, which has not been previously marked for identification, should be handed initially to the court reporter to be recorded before it has been tendered to a witness for his/her examination. Any exhibit, which is tendered in evidence, should be handed to opposing counsel at the time of such offer. Court time may not be used for marking exhibits. This must be completed in advance of the Court session. Exhibits should be marked by the Plaintiff in numerical order, and by the Defendant in alphabetical order. If there is more than one Defendant, it is recommended that each Defendant arbitrarily select a prefix letter (e.g. C-1, J-2, P-S, S-4, etc).

(6) In making an objection, counsel should;

 (a) state only the legal grounds for the objection;

 (b) withhold all further comment or argument unless an elaboration is requested by Judge Cook; and

 (c) refrain from arguing with Judge Cook after a decision on the issue has been rendered.

(7) In examining a witness, counsel shall not repeat or attempt to summarize the answer of the witness.

(8) Offer of, or requests for, a stipulation should be made privately between/among the counsel, and not within the hearing of the jury.

(9) During the presentation of a opening statement and a closing argument to the jury counsel shall not:

 (a) express personal knowledge concerning any matter in issue;

 (b) read or purport to read from any deposition, trial transcript or proposed jury instructions without the prior approval of Judge Cook;

 (c) suggest to the jury, directly or indirectly, that it may or should request transcripts or the reading of any testimony by the court reporter or;

  (d) advise the jury that a copy of the jury instructions will be delivered to them by Judge Cook prior to the commencement of deliberations.

(10) Gestures, facial expressions, audible comments, etc. (e.g. manifestations of approval or disapproval pertaining to the comments of an opposing attorney, the testimony of a witness, or a decision by Judge Cook by counsel and/or other person(s) at the counsel table, are absolutely prohibited.

(11) Counsel and all other persons at the counsel table shall remain seated at the counsel table during the course of trial or hearing; however, movement from the immediate environs of the counsel table shall be permitted as long as it is not disruptive of the proceedings. Neither counsel nor any other persons at the counsel table shall leave the Courtroom while a trial or hearing is in session without the specific authority of Judge Cook.

(12) Counsel shall not establish, or attempt to establish any direct communications with the jury, except during the opening statement and the closing argument or on such other occasions that may be authorized by Judge Cook.

(13) No exhibit shall be tendered directly to any member of the jury without the specific authority of Judge Cook.

(14) Counsel shall avoid the placement or the utilization of an exhibit or object that will, or may tend to, damage any of the Courtroom facilities (i.e., tables, chairs, carpet, etc.).

(15) No briefcases, boxes or items of similar or larger design or structure will be permitted to remain on the counsel table without the approval of Judge Cook.

(16) Counsel with physical disabilities may request Court to be relieved from the requirements to:

  (a) stand whenever the Court is opened, recessed or adjourned;

  (b) stand whenever the jury enters or retires from the Courtroom;

  (c) stand when addressing, or being addressed by Judge Cook;

  (d) stand at, or within the immediate vicinity of, the lectern while examining any witness; however, counsel may approach the Clerk's desk or the witness for the purpose of handling or tendering exhibits;

  (e) stand at, or within the immediate vicinity of, the lectern while making opening statements or closing arguments;

IT IS SO ORDERED.

                                                       s/ Julian Abele Cook, Jr.
                                                       JULIAN ABELE COOK, JR.
                                                       United States District Court Judge

Dated: November 6, 2009

## Certificate of Service

I hereby certify that on November 6, 2009, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                                                   s/ Kay Doaks
                                                                                   Courtroom Deputy Clerk